1  BURKE, WILLIAMS & SORENSEN, LLP
   DANIEL W. MAGUIRE, State Bar No. 120002
2  E-Mail: dmaguire@bwslaw.com
   444 South Flower Street, Suite 2400
3  Los Angeles, CA 90071-2953
   Telephone: (213) 236-0600
4  Facsimile: (213) 236-2700

5  Attorneys for Defendant
   Life Insurance Company of North America

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD SHEFF M.D., an individual,<br><br>Plaintiff,<br><br>v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation conducting business in the State of California and doing business as CIGNA GROUP INSURANCE and Does 1 through 50, inclusive,<br><br>Defendants. | CASE NO. 07 CV 2168 H CAB<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA'S MOTION TO DISMISS THE COMPLAINT**<br><br>Date: December 17, 2007<br>Time: 10:30 a.m.<br>Ctrm: 13 |

I.  **STATEMENT OF FACTS**

Plaintiff Conrad Sheff, M.D. ("Sheff") was employed as a physician with Southern California Permanente Medical Group ("SCPMG"). SCPMG established and maintains an employee benefit plan, governed by ERISA, through which it provides benefits in the event of disability to its eligible employees. (Exhibit "A" to Complaint, at III-23, 25)

///

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4838-6900-3778 v1

CASE NO. 07 CV 2168 H CAB
MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MTN TO DISMISS

SCPMG funded the disability benefit through the purchase of a group long-term disability insurance policy, No. LK-020200, issued to SCPMG by LINA, effective October 1, 1998, and revised and re-issued on March 13, 2003. The terms of the policy are described in a booklet-certificate ("Certificate"). (Declaration of Cheryl Chase, Exhibit "1")

Three classes of eligible employees are insured under the LINA policy: active, full-time partner physicians of SCPMG (except per diem), active full-time employee physicians of SCPMG (except per diem), and all grandfathered physicians as on file with SCPMG. The Certificate contains a statement of ERISA rights beginning at Page 16 which identifies the LINA Certificate, together with the ERISA supplemental information as the Summary Plan Description ("SPD") required by ERISA. The ERISA supplemental information identifies the plan administrator as SCPMG, outlines the authorities and duties of the plan administrator, identifies the agent for service of legal process, and sets forth a comprehensive explanation of the participant's ERISA rights.

According to the Complaint, Plaintiff submitted a claim for disability under the policy, alleging he was unable to perform the duties of his occupation as a physician due to sickness and disease. (Complaint, ¶ 6) Plaintiff further alleges that on or about February 2, 2005, LINA informed him that he was not permanently disabled under the terms of the policy, and no further disability benefits would be paid to him under the policy. (Complaint at ¶ 8) Plaintiff claims that this alleged action by Defendant constitutes a breach of contract (Complaint at ¶ 11-16), and a breach of the implied covenant of good faith and fair dealing. (Complaint at ¶ 17-23)

## II. AUTHORITY FOR MOTION TO DISMISS

A defendant may by motion bring a defense to an action for "failure to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). A complaint must

plead facts showing that the plaintiff is entitled to the relief sought. Fed.R.Civ.P. 8(a). Although a motion to dismiss generally limits consideration to matters set forth in the complaint, a plaintiff cannot avoid a motion to dismiss by deliberately omitting documents upon which his complaint necessarily relies. The court may therefore consider such documents even where they are not mentioned in the complaint. *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998) (in ruling on motion to dismiss, court properly considered content of ERISA plan documents omitted from complaint).

Here, although Plaintiff's Complaint necessarily relies upon the Plan documents evidencing coverage, and refers to the disability policy and identifies it as an exhibit, it is not attached to the Complaint. Nevertheless, LINA was able to identify the Certificate and attach it to the Notice of Removal. The Certificate is authenticated by the Declaration of Cheryl Chase filed concurrently herewith. The Court may therefore consider those documents in ruling upon this matter.

### III. PLAINTIFF'S STATE LAW CLAIMS ARE PREEMPTED BY ERISA

ERISA § 502 provides the civil enforcement mechanism for benefit recovery actions under ERISA. That section allows an ERISA plan participant or beneficiary "to (1) recover benefits due to him under the terms of his plan, (2) to enforce his rights under the terms of the plan, or (3) to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). Plan benefits are recoverable only against the plan as an entity "and shall not be enforceable against any other person unless liability against such person is established in his individual capacity under this subchapter."

ERISA provides the exclusive remedy for an ERISA plan's failure to pay benefits and limits a participant's recovery to benefits due plus reasonable attorney's fees. 29 U.S.C. §§ 1132(a)(1)(B) and 1132(g)(1); *Metropolitan Life Ins. Co. v.*

///

BURKE, WILLIAMS &
SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4838-6900-3778 v1

- 3 -

CASE NO. 07 CV 2168 H CAB
MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF MTN TO DISMISS

*Taylor*, 481 U.S. 58, 63, 107 S.Ct. 1542, 1546 (1987). Further, ERISA preempts any state law claims that "relate to" an "employee benefit plan:"

> "Except as provided [elsewhere herein], the provisions of this subchapter . . . shall supercede any and all state laws insofar as they may now or hereafter relate to any employee benefit plan . . . ."

29 U.S.C. § 1144(a) (emphasis added); see, also, *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 107 S.Ct. 1549 (1987); *Metropolitan Life, supra*. Congress defined "state law" as used in section 1144 to include "all laws, decisions, rules, regulations, or other state action having the effect of law." 29 U.S.C. § 1144(c)(1).

The Supreme Court has characterized this preemption language as "conspicuous for its breadth." *FMC v. Holliday*, 498 U.S. 52, 58, 111 S.Ct. 403 (1990). "[A] state law may 'relate to' a benefit plan, and thereby be preempted, even if the law is not specifically designed to affect such plans, or the effect is only indirect." *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 139, 111 S.Ct. 478 (1990), see, also, *Gibson v. Prudential Ins. Co. of Am.*, 915 F.2d 414, 416 (9th Cir. 1990) ("Even claims brought under state law [sic] doctrines that do not explicitly refer to employee benefit plans are preempted when the claims arise from the administration of such plans whether directly or indirectly.").

Thus, for purposes of ERISA preemption, a law relates to an employee benefit plan if it "impinges" on the functioning of a plan. *Spain v. Aetna Life Ins. Co.*, 11 F.3d 129, 131 (9th Cir. 1993); see, also, *McMahon v. Digital Equipment Corp.*, 162 F.3d 28, 38 (1st Cir. 1998) ("[A] state law cause of action is expressly preempted by ERISA where a plaintiff, in order to prevail, must prove the existence of, or specific terms of, an ERISA plan.").

Furthermore, plan participants and beneficiaries may not bring state common law claims in conjunction with an ERISA benefit recovery action. As the Ninth Circuit Court of Appeals explained:

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4838-6900-3778 v1

- 4 -

CASE NO. 07 CV 2168 H CAB
MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF MTN TO DISMISS

> "ERISA's civil enforcement provision creates an exclusive remedial scheme. The Supreme Court concluded that this provision preempted state law claims brought in conjunction with an ERISA civil enforcement suit. . . . We do not read Pilot Life to permit state law claims in addition to the claims actionable under ERISA."

*Lea v. Republic Airlines, Inc.*, 903 F.2d 624, 631 (9th Cir. 1990).

In *Pilot Life, supra*, the United States Supreme Court held that ERISA preempts all state law causes of action against insurers for alleged improper processing of a claim for benefits. Since *Pilot Life*, courts have reaffirmed that state law claims are preempted by the exclusive remedies contained in ERISA. See, e.g., *Metropolitan Life, supra* (claims for breach of contract and emotional anguish arising from alleged failure to pay disability benefits are preempted by ERISA); *Tingey v. Pixley-Richards West, Inc.*, 953 F.2d 1124 (9th Cir. 1992) (claims for tortious breach of duty of good faith and fair dealing, breach of contract, and intentional infliction of emotional distress relating to alleged wrongful termination for purpose of denying benefits are preempted by ERISA); *Dytrt v. Mountain State Tel. & Tel. Co.*, 921 F.2d 889 (9th Cir. 1990) (laws that create reporting or disclosure requirements are preempted by ERISA); *Nevill v. Shell Oil Co.*, 835 F.2d 209 (9th Cir. 1987) (breach of contract, breach of covenant of good faith and fair dealing and fraud are preempted); *Blau v. Del Monte Corp.*, 748 F.2d 1348 (9th Cir. 1985) (breach of contract and fraud claims are preempted by ERISA); *Anderson v. Humana, Inc.*, 24 F.3d 889 (7th Cir. 1994) (claim under state anti-deception law relating to statements made in ERISA plan documents is preempted by ERISA).

As is evident from the Complaint, Sheff alleges that he sustained damages by reason of LINA's termination of Plan benefits. These claims fall squarely within the purview of ERISA preemption. ERISA provides the exclusive remedy for an

///

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4838-6900-3778 v1    - 5 -    CASE NO. 07 CV 2168 H CAB
MEMO OF POINTS & AUTHORITIES IN
SUPPORT OF MTN TO DISMISS

1  ERISA plan's failure to pay benefits, and Sheff's claims are therefore "completely
2  preempted" by ERISA.

## IV. CONCLUSION

For the foregoing reasons, LINA submits that Sheff's claims for breach of contract and tortious breach of the implied covenant of good faith and fair dealing are preempted by ERISA. LINA respectfully requests that this Motion to Dismiss Plaintiff's Complaint be granted in its entirety. To the extent Plaintiff can assert a claim for benefit recovery, such a claim must be asserted under ERISA.

DATED: November 16, 2007

BURKE, WILLIAMS & SORENSEN, LLP
DANIEL W. MAGUIRE


By: *s/ Daniel W. Maguire*
   DANIEL W. MAGUIRE
   Attorneys for Defendant
   Life Insurance Company of North America

BURKE, WILLIAMS & SORENSEN, LLP
ATTORNEYS AT LAW
LOS ANGELES

LA #4838-6900-3778 v1

- 6 -

CASE NO. 07 CV 2168 H CAB
MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MTN TO DISMISS

# PROOF OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

     I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is Burke, Williams & Sorensen, LLP, 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953.

     On November 16, 2007, I served the following document(s) described as **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT LIFE INSURANCE COMPANY OF NORTH AMERICA TO DISMISS THE COMPLAINT** on the interested party(ies) in this action as follows:

☐   by placing true copies thereof enclosed in a sealed envelope addressed stated on the attached service list.

☐   **BY MAIL:** I am "readily familiar" with the firm's practice of collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope was placed for collection and mailing with postage thereon fully prepaid at Los Angeles, California, on that same day following ordinary business practices.

☐   **BY FACSIMILE:** At approximately _____, I caused said document(s) to be transmitted by facsimile. The telephone number of the sending facsimile machine was (213) 236-2700. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The document was transmitted by facsimile transmission, and the sending facsimile machine properly issued a transmission report confirming that the transmission was complete and without error.

☐   **BY OVERNIGHT DELIVERY:** I deposited such document(s) in a box or other facility regularly maintained by the overnight service carrier, or delivered such document(s) to a courier or driver authorized by to receive documents, in an envelope or package designated by the overnight service carrier with delivery fees paid or provided for, addressed to the person(s) served hereunder.

☐   **BY HAND DELIVERY:** I delivered such envelope(s) by hand to the office of the addressee(s).

☐   **BY PERSONAL SERVICE:** I personally delivered such envelope(s) to the addressee(s).

☒   **BY ELECTRONIC SERVICE** of the document(s) through the Court's transmission facilities.

LA #4849-2963-6610 v1

1

1 |     I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. I declare that I ☒ am employed in the office of a member of the bar of this court at whose direction the service was made; ☐ served the above document(s) at the direction of a member of the bar of this court.

    Executed on November 16, 2007, at Los Angeles, California.

*/s/ Mary Musulman*
_____
MARY MUSULMAN

# SERVICE LIST

*Sheff v. Life Ins. Co. of North America, et al.*

Stephen F. Lopez, Esq.
GERACI & LOPEZ
13355 Midland Road, Suite 140
Poway, CA  92064

Tel:  (619) 233-3131
Fax:  (619) 374-1911
Attorneys for Plaintiff Conrad Sheff, M.D.