BURKE, WILLIAMS & SORENSEN, LLP
DANIEL W. MAGUIRE, State Bar No. 120002
E-Mail: dmaguire@bwslaw.com
444 South Flower Street, Suite 2400
Los Angeles, CA 90071-2953
Telephone: (213) 236-0600
Facsimile: (213) 236-2700

Attorneys for Defendants
Life Insurance Company of North America and
Southern California Permanente Medical Group
Long Term Disability Plan

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

CONRAD SHEFF M.D., an individual,

Plaintiff,

v.

LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation conducting business in the State of California and doing business as CIGNA GROUP INSURANCE and Does 1 through 50, inclusive,

Defendants.

CASE NO. 07 CV 2168 H CAB

**ANSWER TO FIRST AMENDED COMPLAINT**

## ANSWER TO GENERAL ALLEGATIONS

Defendants Life Insurance Company of North America ("LINA") and Southern California Permanente Medical Group Long Term Disability Plan ("Plan"), hereby answer the First Amended Complaint filed by Plaintiff Conrad Sheff, M.D. ("Plaintiff") by admitting, denying, and alleging as follows:

/ / /

1. Responding to the allegations of Paragraph 1, Defendants admit that this case is governed by the Employee Retirement Income Security Act of 1974 ("ERISA"), and that subject matter jurisdiction exists in this Court based on a federal question arising under ERISA. Plaintiff's claims "relate to" an employee welfare benefit plan as defined in ERISA. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

2. Responding to the allegations of Paragraph 2, Defendants allege that venue is proper within the Southern District of California. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

3. Responding to the allegations of Paragraph 3, Defendants are informed and believe that at the times relevant hereto, Plaintiff was an individual, and a citizen and resident of the State of Hawaii. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

4. Responding to the allegations of Paragraph 4, Defendants allege that LINA is incorporated under the laws of the State of Pennsylvania, and maintains its principal place of business in the City of Philadelphia, Pennsylvania. At all times relevant hereto, LINA has been engaged in the business of insurance within the State of California and the County of San Diego. LINA issued its group long-term disability insurance Policy, No. LK-020200, to Southern California Permanente Medical Group ("SCPMG"), with an effective date of October 1, 1998, revised and re-issued on January 1, 2005. Said policy was used by SCPMG to fund its long-term disability benefit under the employee welfare benefit plan it established under ERISA. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

5. Responding to the allegations of Paragraph 5, Defendants allege that SCPMG established and maintains an employee welfare benefit plan within the meaning of ERISA, which is funded in part for long term disability benefits through Policy No. LK-020200 issued by LINA. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

6. Responding to the allegations of Paragraph 6, Defendants allege that the Plan qualifies as an employee welfare benefit plan within the meaning of ERISA. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

7. Responding to the allegations of Paragraph 7, Defendants are informed and believe that SCPMG is the designated plan administrator for the Plan. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

8. Defendants deny each and every allegation of Paragraph 8.

9. Responding to the allegations of Paragraph 9, Defendants allege that LINA issued to SCPMG its group long-term disability insurance Policy No. LK-020200 with an effective date of October 1, 1998. The policy was in full force and effect through and including November 17, 2004. The policy provides benefits in accordance with its terms, conditions and limitations, and the policy itself is the best evidence of its content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

10. Defendants deny each and every allegation of Paragraph 10.

/ / /

11. Responding to the allegations of Paragraph 11, Defendants allege that Plaintiff submitted a claim for total disability under the Plan and under the LINA policy. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

12. Responding to the allegations of Paragraph 12, Defendants allege that upon receipt of Plaintiff's claim for benefits for disability under the Plan, an investigation was commenced to determine whether Plaintiff qualified for long-term disability benefits within the meaning of the policy. The details of that investigation, together with the evidence and records acquired, are memorialized and contained in the administrative record, which will be produced to Plaintiff herein as part of Defendants' initial disclosures. Said administrative record speaks for itself, and is the best evidence of its content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

13. Responding to the allegations of Paragraph 13, Defendants allege that Plaintiff's claim for benefits, and its adjudication and Plaintiff's appeal, are memorialized and documented in the administrative record, which will be produced to Plaintiff as part of Defendants' initial disclosures herein. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

14. Responding to the allegations of Paragraph 14, Defendants allege that on or about October 24, 2005, Plaintiff filed suit against Defendant LINA in San Diego County Superior Court under Case No. GIN 048179. Defendant LINA stipulated to reopen Plaintiff's claim for long-term disability benefits and toll all applicable statutes of limitation during the time of its further investigation, and as a

result of that agreement, Plaintiff dismissed his suit without prejudice. Defendants thereupon reopened the investigation into Plaintiff's claim, and determined that no further benefits were payable under the terms of the Policy. Thereafter, Plaintiff filed the instant action in the Superior Court of the State of California, County of San Diego, whereupon the action was removed to the United States District Court, Southern District of California by Defendant LINA. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

**ANSWER TO FIRST CAUSE OF ACTION**

15. Responding to the allegations of Paragraph 15, Defendants refer to and incorporate by this reference, their responses to Paragraphs 1 through 14, inclusive, as though set forth in full.

16. Responding to the allegations of Paragraph 16, Defendants allege that the terms and conditions of the Plan are memorialized in the Plan documents, which speak for themselves, and are the best evidence of their content. Except as expressly admitted or alleged herein, answering Defendants deny each and every allegation of said paragraph.

17. Defendants deny each and every allegation of Paragraph 17.

18. Responding to the allegations of Paragraph 1 [sic], Defendants deny each and every allegation of said paragraph.

19. Responding to the allegations of Paragraph 2 [sic], Defendants deny each and every allegation of said paragraph.

20. Responding to the allegations of Paragraph 3 [sic], Defendants deny each and every allegation of said paragraph.

21. Responding to the allegations of Paragraph 4 [sic], Defendants deny each and every allegation of said paragraph.

22. Responding to the allegations of Paragraph 5 [sic], Defendants deny each and every allegation of said paragraph.

23. Responding to the allegations of Paragraph 6 [sic], Life Insurance Company of North America ("LINA") and Southern California Permanente Medical Group Long Term Disability Plan ("Plan") allege that said paragraph contains a purported statement of law, or a legal position, and does not contain factual allegations requiring a response.

24. Responding to the allegations of Paragraph 7 [sic], Defendants deny each and every allegation of said paragraph.

**FIRST AFFIRMATIVE DEFENSE**

1. The First Amended Complaint and each of its alleged causes of action fails to state a claim upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

2. Plaintiff has failed to exhaust his administrative remedies under ERISA, and therefore this action is barred.

/ / /

**THIRD AFFIRMATIVE DEFENSE**

3. Plaintiff's claims should be dismissed because Defendants discharged their duties with respect to the Plan solely in the interest of Plan participants and beneficiaries and, in so doing, acted in accordance with the documents and instruments governing the Plan.

**FOURTH AFFIRMATIVE DEFENSE**

4. Plaintiff's claims should be dismissed because Defendants did not act arbitrarily or capriciously in administering Plaintiff's claim, but rather acted reasonably, on the basis of substantial evidence, and in accordance with the documents and instructions governing the Plan.

**FIFTH AFFIRMATIVE DEFENSE**

5. Plaintiff's claims should be dismissed because he was not disabled in accordance with the terms and provisions of the Plan.

**SIXTH AFFIRMATIVE DEFENSE**

6. Plaintiff's claims should be dismissed because he failed to demonstrate his continued eligibility for benefits under the terms and provisions of the Plan.

/ / /

/ / /

/ / /

/ / /

/ / /

**SEVENTH AFFIRMATIVE DEFENSE**

7. To the extent Plaintiff claims extra-contractual and/or punitive damages in his Complaint, they are not permitted under ERISA.

**EIGHTH AFFIRMATIVE DEFENSE**

8. To the extent that Plaintiff seeks recovery under state law, the same is preempted by ERISA.

**NINTH AFFIRMATIVE DEFENSE**

9. LINA is not a proper party Defendant to this ERISA benefit recovery action because the benefit Plan itself is the only proper Defendant. Everhart v. Allmerica, 275 F.3d 751 (9th Cir. 2001).

**TENTH AFFIRMATIVE DEFENSE**

10. To the extent that Plaintiff seek entitlement to benefits, which Defendants dispute, Defendants are entitled to bar the claim and/or set-off any additional other income benefits that should be taken into account in calculating his LTD benefits, including but not limited to any benefits he has received from the Social Security Administration or Workers' Compensation Appeals Board.

WHEREFORE, these answering Defendants pray judgment:

1. That Plaintiff take nothing by reason of his First Amended Complaint;

/ / /

2. For costs of suit incurred herein, including attorneys' fees; and

3. For such other and further relief as the Court may deem just and proper.

DATED: January 3, 2008

BURKE, WILLIAMS & SORENSEN, LLP
DANIEL W. MAGUIRE

By: *<u>/s/ Daniel W. Maguire</u>*
DANIEL W. MAGUIRE
E-mail: dmaguire@bwslaw.com
Attorneys for Defendants
Life Insurance Company of North America and Southern California Permanente Medical Group Long Term Disability Plan

# CERTIFICATE OF SERVICE

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years and not a party to the within action; my business address is Burke, Williams & Sorensen, LLP, 444 South Flower Street, Suite 2400, Los Angeles, California 90071-2953.

On January 3, 2008, I served the following document(s) described as **ANSWER TO FIRST AMENDED COMPLAINT** on the interested party(ies) in this action as follows:

☒ **BY SUBMITTING AN ELECTRONIC VERSION** of the document(s) via Portable Document Format (pdf), by uploading such documents using the court's CM/ECF system case filing which automatically generates Notice of Electronic Filing or NEF which allows recipients to retrieve the document(s) automatically.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. I declare that I ☒ am employed in the office of a member of the bar of this court at whose direction the service was made; ☐ served the above document(s) at the direction of a member of the bar of this court.

Executed on January 3, 2008, at Los Angeles, California.

*/s/ Mary Musulman*
MARY MUSULMAN

**SERVICE LIST**

***Sheff v. Life Ins. Co. of North America, et al.***

Stephen F. Lopez, Esq.
GERACI & LOPEZ
13355 Midland Road, Suite 140
Poway, CA 92064

Tel: (619) 231-3131
Fax: (619) 374-1911
E-Mail: steve@gerlop.com
Attorneys for Plaintiff Conrad Sheff, M.D.