UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CONRAD SHEFF M.D., an individual,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　v.<br><br>LIFE INSURANCE COMPANY OF NORTH AMERICA, a Pennsylvania Corporation conducting business in the State of California and doing business as CIGNA GROUP INSURANCE aka LIFE INSURANCE COMPANY OF NORTH AMERICA policy number LK 020200 a.k.a. SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP LONG TERM DISABILITY PLAN; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP LONG TERM DISABILITY PLAN; SOUTHERN CALIFORNIA PERMANENTE MEDICAL GROUP,<br><br>　　　　　　　　　　　　Defendants. | Civil No.   07cv2168-H (CAB)<br><br>**ORDER REGARDING EARLY NEUTRAL EVALUATION CONFERENCE AND SETTING A MANDATORY SETTLEMENT CONFERENCE** |

An Early Neutral Evaluation (ENE) Conference is currently set for February 13, 2008, at 10 a.m. before United States Magistrate Judge Cathy Ann Bencivengo. On January 22, 2008, the parties filed a joint motion to continue the ENE conference for 30 days. [Doc. No. 14.] After reviewing the joint motion, **AND FOR GOOD CAUSE APPEARING THEREFOR**, the Court

/ / / / /

/ / / / /

1

**HEREBY ORDERS AS FOLLOWS**:

1. There will be a **TELEPHONIC, ATTORNEYS-ONLY** ENE Conference on **February 13, 2008, at 10 a.m.** before United States Magistrate Judge Cathy Ann Bencivengo. Counsel for plaintiff shall coordinate and initiate the conference call. The call should be placed directly to the chambers of Magistrate Judge Bencivengo (619-557-7688) at the scheduled time.

2. A Mandatory Settlement Conference shall be conducted on **March 11, 2008**, at **10:00 a.m.** in the chambers of Magistrate Judge Cathy Ann Bencivengo. Counsel shall submit **confidential** settlement statements **directly to chambers** no later than **March 4, 2008**. Each party's settlement statement shall set forth the party's statement of the case, identify controlling legal issues, concisely set out issues of liability and damages, and shall set forth the party's settlement position, including the last offer or demand made by that party, and a separate statement of the offer or demand the party is prepared to make at the settlement conference. **Settlement conference briefs shall not be filed with the Clerk of the Court, nor shall they be served on opposing counsel.**

3. Pursuant to Local Civil Rule 16.3, all party representatives and claims adjusters for insured defendants with full and unlimited authority[1] to negotiate and enter into a binding settlement, as well as the principal attorney(s) responsible for the litigation, must be present and legally and factually prepared to discuss and resolve the case at the mandatory settlement conference. Retained outside corporate counsel shall not appear on behalf of a corporation as the

/ / / / /

/ / / / /

/ / / / /

---

[1] "Full authority to settle" means that the individuals at the settlement conference must be authorized to fully explore settlement options and to agree at that time to any settlement terms acceptable to the parties. Heileman Brewing Co., Inc. v. Joseph Oat Corp., 871 F.2d 648 (7th Cir. 1989). The person needs to have "unfettered discretion and authority" to change the settlement position of a party. Pitman v. Brinker Intl., Inc., 216 F.R.D. 481, 485-486 (D. Ariz. 2003). The purpose of requiring a person with unlimited settlement authority to attend the conference includes that the person's view of the case may be altered during the face to face conference. Id. at 486. A limited or a sum certain of authority is not adequate. Nick v. Morgan's Foods, Inc., 270 F.3d 590 (8th Cir. 2001).

party who has the authority to negotiate and enter into a settlement. Failure to attend the conference or obtain proper excuse will be considered grounds for sanctions.

**IT IS SO ORDERED.**

DATED: January 23, 2008

**CATHY ANN BENCIVENGO**
United States Magistrate Judge